**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**GREGORY K. CLINTON,**

    **Petitioner,**

**v.**                **Civil Action No. 2:07cv96
                     (Judge Maxwell)**

**J. BOLYARD, Acting Warden,**

    **Respondent.**

**NOTIFICATION TO PETITIONER OF RIGHT TO CONSENT TO
PROCEED UNDER 28 U.S.C. § 2255 OR TO PROCEED AS FILED**

On November 26, 2007, the *pro se* petitioner initiated this action under 28 U.S.C. § 2241 for habeas corpus relief. In the petition, the petitioner challenges the validity of a conviction and sentence imposed in the Martinsburg division of this Court. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 83.09.

## I. Petitioner's Conviction and Sentence

The petitioner was originally convicted of Aiding and Abetting the distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1), for which he received a 92-month term of imprisonment followed by a three-year term of supervised release. See United States v. Clinton, 3:97cr31(1). On March 29, 2007, while serving his term of supervised release, the petitioner was arrested and charged with distributing cocaine in Berkeley County Magistrate Court Case Number 07-F-339. Id. Therefore, the United States Probation Office petitioned the Court to revoke the petitioner's term of supervised release. Id. On April 24, 2007, the petitioner admitted his guilt and his term of supervised release was revoked. Id. As a result, on April 30, 2007, the petitioner was

committed to the custody of the Bureau of Prisons for a term of 12 months and one day. Id.

## II. Claims of the Petition

In the petition, the petitioner asserts that he is being illegally incarcerated and seeks his immediate release from the Gilmer Federal Correctional Institution. The petitioner appears to base his claim on the fact that his state charges were dismissed after the petitioner was committed to federal custody.

## III. Analysis

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a sentence is executed. Thus, a § 2241 petition that challenges a federal conviction and sentence is properly construed to be a § 2255 motion. The only exception to this conclusion is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

Because there is still time remaining for the petitioner to timely file for relief under § 2255,[1] remedy by motion under § 2255 is not inadequate or ineffective, and the petitioner is not entitled to

---

[1] Section 2255 contains a one-year time limitation for filing for relief in federal court. Because the petitioner was sentenced on April 30, 2007, he is well within the one-year time limitation for filing a § 2255 motion.

pursue relief under § 2241. Therefore, the undersigned believes that the petition should be construed as a § 2255 motion and re-filed accordingly.

However, before any motion can be recharacterized as a motion filed pursuant to §2255, the court is first required to give the defendant notice of its intent to recharacterize the motion, warn him of the effects of such recharacterization, and advise him as to the requirements of § 2255.  See Castro v. United States, 540 U.S. 375 (2003); United States v. Emmanuel, 288 F.3d 644, 649 (4th Cir. 2002).  The petitioner must then be given the opportunity to consent to the recharacterization of his motion, or to proceed as filed.  Id.

Accordingly, the petitioner is hereby notified that the Court intends to characterize his § 2241 petition as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255[2] unless it hears to the contrary within **TWENTY (20) DAYS** from the date of this notice.  In deciding whether to proceed under § 2255, or as filed, the petitioner is advised of the following:

1. Only one (1) § 2255 motion is permitted to be filed.

2. A second or successive motion can only be filed if certified by the Fourth Circuit Court of Appeals to contain newly discovered evidence or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court.

3. There is a one-year limitation period within which to file any federal habeas corpus petition.  A motion filed under 28 U.S.C. § 2255 must be filed within one year of the latest of:

---

[2] Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Moreover, the Court has attached an election form to facilitate the processing of petitioners' wishes in this matter. The petitioner should return the completed form to the Court within **twenty (20) days** of the date of this notice. **The failure to do so will result in the petition under § 2241 being converted to a motion filed pursuant to 28 U.S.C. § 2255**.

IT IS SO ORDERED.

The Clerk is directed to send copies of this order to the *pro se* petitioner.

DATED: December 7, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**GREGORY K. CLINTON,**

    **Petitioner,**

**v.**                                  **Civil Action No. 2:07cv96**
                                          **(Judge Maxwell)**

**J. BOLYARD, Acting Warden,**

    **Respondent.**

**ELECTION BY PETITIONER TO PROCEED
UNDER 28 U.S.C. § 2255 OR TO PROCEED AS FILED**

I have received and reviewed a copy of the Court's Notification to Petitioner of Right to Consent to Proceed Under 28 U.S.C. § 2255 or to Proceed as Filed. Pursuant to that Notice, I elect to proceed as follows:

**Please check one of the following:**

❏     I elect to have my § 2241 petition, filed on November 6, 2007, converted to a motion filed pursuant to 28 U.S.C. § 2255.

❏     I elect to proceed on my petition as filed. If this box is checked, I understand that the Court will not convert my motion to one filed under 28 U.S.C.§ 2255.

_____                                         _____
            Signature                                                                                  Date