# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**GREGORY K. CLINTON,**

      **Petitioner,**

**v.**                                                           **Civil Action No. 2:07cv96**
                                                                  **(Judge Maxwell)**

**J. BOLYARD, Acting Warden,**

      **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

### I. Factual and Procedural History

On November 26, 2007, the *pro se* petitioner initiated this § 2241 habeas corpus action. In the petition, the petitioner challenges the validity of a conviction and sentence imposed in the Martinsburg division of this Court.[1]

On December 7, 2007, the undersigned conducted a preliminary review of the file and determined that the petition should be construed as a motion filed pursuant to 28 U.S.C. § 2255. However, because the petitioner had not previously filed a § 2255 motion, the Court was required to give the petitioner notice of its intent to recharacterize the petition as a § 2255 motion. See Castro

---

[1] The petitioner was originally convicted of Aiding and Abetting the distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1), for which he received a 92-month term of imprisonment followed by a three-year term of supervised release. See United States v. Clinton, 3:97cr31(1). On March 29, 2007, while serving his term of supervised release, the petitioner was arrested and charged with distributing cocaine in Berkeley County Magistrate Court Case Number 07-F-339. Id. Therefore, the United States Probation Office petitioned the Court to revoke the petitioner's term of supervised release. Id. On April 24, 2007, the petitioner admitted his guilt and his term of supervised release was revoked. Id. As a result, on April 30, 2007, the petitioner was committed to the custody of the Bureau of Prisons for a term of 12 months and one day. Id. In the petition, the petitioner asserts that he is being illegally incarcerated and seeks his immediate release from the Gilmer Federal Correctional Institution, based on the fact that his state charges were dismissed after he was committed to federal custody.

v. United States, 540 U.S. 375 (2003); United States v. Emmanuel, 288 F.3d 644, 649 (4th Cir. 2002). Accordingly, the Court issued a notice of conversion in which the petitioner was advised that the Court intended to recharacterize his motion, the effects of such characterization, and the requirements of § 2255. In addition, pursuant to Castro and Emmanuel, the petitioner was then given the opportunity to consent to the recharacterization, or to proceed as follows.

On December 19, 2007, the petitioner notified the Court that he did NOT want his § 2241 petition recharacterized as a motion pursuant to § 2255. Thus, this case is now before the Court for a Report and Recommendation on the petitioner's petition as filed.

## II. Analysis

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a sentence is executed. Thus, a § 2241 petition that challenges a federal conviction and sentence is properly construed to be a § 2255 motion. The only exception to this conclusion is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant *has failed to apply for relief, by motion, to the court which sentenced him*, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255.

Here, the petitioner has NOT applied for § 2255 relief in the Court that sentenced him. Moreover, it appears that the petitioner's revocation sentence became final on May 14, 2007, when

the time for filing an appeal expired. Therefore, it appears as if the petitioner is well within the one-year time limit for applying for § 2255 in the sentencing court and he cannot show that § 2255 is inadequate or ineffective to test the legality of his detention.

### III. Recommendation

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be **DENIED and DISMISSED WITH PREJUDICE**.

Within ten (10) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying those portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: December 21, 2007.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE